CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 31 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| GLADYS M. HALE, | CASE NO. 4:06CV00069 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE[1], Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's February 23, 2004 protectively filed concurrent claims for a period of disability, disability insurance benefits and supplemental security income under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that at the time of the hearing, plaintiff was forty-seven years old, had a fourth grade education, measured 5'5", weighed 290 pounds and was

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

functionally illiterate.[2] The Law Judge determined that she had not engaged in substantial gainful activity during the relevant time period and was insured for benefits through December 31, 2006. (R. 14, 19.) The Law Judge also found that plaintiff had the following severe impairments: degenerative disc disease, obesity, and a cognitive impairment with borderline intellectual function. (R. 15.) Crediting, however, certain State agency review reports over evidence submitted by plaintiff's treating and examining physicians and clinicians, he was of the view that she did not suffer any other severe physical or mental impairment. (R. 15, 16.)[3] Moreover, the Law Judge did not believe that any of plaintiff's impairments, viewed singularly or in combination, met or equaled the requirements of any listed impairment. (R. 16.) The Law Judge further concluded that plaintiff possessed the functional capacity to perform a "wide range of unskilled work at the light level of exertion." (R. 17.) He reached this conclusion upon findings that the "alleged level of symptoms and limitations are not fully supported by the evidence of record," that despite her cognitive limitations she had "functioned adequately in adult life," and her daily activities, as described in a Questionnaire, "suggest a greater level of functioning than alleged and demonstrate the capacity for simple repetitive work at least at the light level of exertion." (R. 18.)[4] Relying, in substantial part, on portions of the evidence adduced from a vocational expert (VE) who was present at the hearing, the Law Judge determined that plaintiff

---

[2] Some of the Law Judge's findings are in the body of his decision, and others are found in his questions to the vocational expert (VE), which also reflect that plaintiff was able to perform only a limited range of light work. (R. 15-18, 244-245.)

[3] Some of the evidence submitted by plaintiff's counsel, namely a Confidential Psychological evaluation and a Medical Assessment Of Ability To Do Work-Related Activities (Mental), was submitted on December 6, 2005, after the hearing but before the Law Judge rendered his decision in the case. (R. 183-191.)

[4] Here, again, the Law Judge credited the report of a DDS consultant over that of plaintiff's examining medical sources. (R. 18-19.)

2

was capable of performing her past relevant work as a janitor. (R. 19-20.) Thus, the Law Judge ultimately found plaintiff not disabled under the Act. (R. 20.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no reason in the governing rules and no basis in the record to review the Law Judge's decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

A claimant has the burden of producing evidence that would establish that he/she suffers a severe impairment or combination impairment which disable her from her past relevant work. 20 C.F.R. §§ 404.1520 and 416.920. Once that has been established, the burden shifts to the Commissioner to produce evidence showing there are jobs available in the economy which can be performed by the claimant considering the claimant's impairments and their effects. *Id.* Where no non-exertional limitations are presented by the evidence, the Commissioner may dispositively discharge that burden by reliance on the Medical-Vocational Guidelines ("grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2. However, if non-exertional limitations are present, vocational evidence is required. *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). Even then, the claimant retains the burden of persuasion in the case that he/she is disabled from all substantial gainful activity.

Moreover, the Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and §§ 416.927-416.945; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527

3

Case 4:06-cv-00069-JLK-BWC   Document 16   Filed 07/31/07   Page 3 of 6   Pageid#: 59

and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Kasey v. Sullivan*, 3 F.3d 75 (4th Cir. 1993); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the undersigned's view, the outcome of this judicial review hinges on the Law Judge's decision to credit the evidence of the State agency record reviewer over that of the plaintiff's consulting examiner on questions related to the severity and effects of plaintiff's mental impairments. Suffice it to say, the Law Judge gave dispositive weight to consultative record assessment of plaintiff's mental impairment performed on the then extant record by the State agency review physician, Howard Leizer, M.D., on August 17, 2004 who "affirmed as written" "all the evidence in file, and the PRTF of 8/17/04" submitted by R.J. Milan, Ph.D. on October 7, 2004. (R. 157-169.) Dr. Leizer was of the view that the extant medical record demonstrated only that plaintiff suffered mild limitations on her ability to function as a result of her depression and anxiety. (R. 167.)

The Confidential Psychological Evaluation submitted by Blanche Williams, Ph.D., after examining and testing the plaintiff on November 10, 2005 was not in the record at the time the DDS reviews occurred. (R. 183-191.) This report, on its face, presents a rather comprehensive examination in which the examiner reveals plaintiff's full cooperation and appropriate behavior. It reports that her valid IQ scores ranged between 71 and 75, and the undersigned notes that the Commissioner essentially has conceded that plaintiff is illiterate. The report further correlated plaintiff's cognitive deficits with her emotional problems and noted that any competitive work is "far beyond her coping capacity." (R. 189.) The examiner attached a medical assessment of plaintiff's work-related capacities which generally reported "poor" abilities to make adjustments

to work and no capacity to handle funds. (R. 190-192.)

As indicated, this evidence was not in the record when the State agency reviews occurred and, in the undersigned's view, are only as good as the evidence in the record at the time they took place. Yet, the Law Judge dodged this obstacle essentially by substituting his own medical judgment for that of Dr. Williams. He relied entirely upon a reference to *The Merck Manual* to justify his conclusion that plaintiff had not shown that her "newly diagnosed" mental impairment had resulted in any functional limitations which had lasted or were expected to last for a continuous twelve months. (R. 16.) While that manual certainly could be helpful, the undersigned does not believe that the Commissioner is entitled to rely on it exclusively to provide dispositive medical evidence contradicting the evidence of a consulting examiner, particularly where, as here, there is nothing to suggest that Dr. Williams' findings and conclusions were skewed, or somehow made inaccurate, by the claimant's manipulation of the tests or the examination.[5]

It cannot be denied that the impact of this evidence on the vocational testimony is substantial. If the plaintiff experiences some, if not all, the limitations set forth in Dr. Williams' report, the VE opined that her past relevant work, even as he limited it in response to the Law Judge's questions, would not be available. (R. 245-249.)[6] In sum, the Law Judge based his

---

[5] The Law Judge's reference to 20 C.F.R. §§ 404.1505 and 404.1509 of the regulations does not salvage his analysis because neither permits a Law Judge to substitute his lay views for those of medical sources.

[6] It should be noted that, although the Law Judge found plaintiff able to perform "a wide range" of unskilled light work, the VE limited that to unskilled light janitorial work because, as that job is normally performed, it is "flexible enough" to allow for occasional sitting. (R. 245.) However, those jobs would not exist if the person needed to sit "more than 10 or 15 minutes after doing an hour of standing." (R. 248.)

5

finding that plaintiff could perform a wide range of light work on medical data that did not reflect the state of the record at the time he made his decision. The medical opinions upon which he based his decision were not, and could not have been informed by the later acquired psychological report, leaving the Law Judge's resolution of the conflict unsupported by substantial medical evidence. There is good cause to remand the case to the Commissioner under Sentence 4 of 42 U.S.C. §405(g) for further proceedings.

Accordingly, it is RECOMMENDED that an order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings at the fourth and fifth levels of the sequential analysis.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

7-31-07
Date

6

Case 4:06-cv-00069-JLK-BWC   Document 16   Filed 07/31/07   Page 6 of 6   Pageid#: 62