IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| GLADYS M. HALE, | ) |
| | ) Case No. 4:06CV00069 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |

Before me is the *Report and Recommendation* of the United States Magistrate Judge B. Waugh Crigler. The Magistrate Judge recommends granting the Plaintiff's *Motion for Summary Judgment*, denying Defendant's *Motion for Summary Judgment*, and remanding the case to the Commissioner for further proceedings. I have reviewed the Magistrate Judge's *Report and Recommendation*, as well as the Defendant's *Objections*. The matter is now ripe for decision.

For the reasons stated below, I will **REJECT** the Magistrate Judge's *Report and Recommendation* and **SUSTAIN** the Defendant's *Objections*. I will **GRANT** the Defendant's *Motion for Summary Judgment* and **DENY** the Plaintiff's *Motion.* Accordingly, this case will be **DISMISSED**.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Gladys M. Hale ("Hale") filed an application for SSI disability benefits on July 3, 2004. The application was denied initially and upon reconsideration, and Plaintiff made a timely request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing and on November 15, 2006, he denied Plaintiff's application. Next, the Appeals Council reviewed the ALJ's decision, and subsequently it denied Plaintiff's claim. On October 26, 2006,

1

Plaintiff instituted this action, and I referred the case to the magistrate judge. Magistrate Judge B. Waugh Crigler issued his *Report and Recommendation* on July 31, 2007.

Plaintiff was forty-seven years old at the time of the hearing before the ALJ. She had a fourth grad education, and was "functionally illiterate." She was 5'5" and weighed 290 pounds. She claimed disability beginning July 3, 2001, with several physical and cognitive impairments. The ALJ found that Plaintiff had not engaged in any substantial gainful activity at any time relevant to his decision in her case. He found that Plaintiff's degenerative disc disease, obesity, and borderline intellectual functioning were "severe" impairments under the statute. In doing so, he rejected Plaintiff's claim that her panic disorder and major depression were "severe" mental impairments, because "[i]f her symptoms were significant or had not responded adequately to treatment, it would be reasonable to expect that a referral would have been given for mental health services." (R. at 16.) Dr. Howard Leizer provided a psychiatric review of Ms. Hale and concluded that she did not suffer severe impairment from her depression and anxiety problems, and that the cause of any limitations on her activities was instead arthritic pain.

In rejecting Plaintiff's evidence, the ALJ credited Leizer's report over testimony from Dr. Williams, a doctor retained by Plaintiff's counsel to examine Plaintiff after the hearing. Dr. Williams diagnosed Plaintiff with major depression, panic disorder, and several other cognitive deficiencies. Dr. Williams was not her treating physician, and these diagnoses were based on an interview with Ms. Hale. The ALJ then determined that Plaintiff possessed the residual functional capacity to perform a "wide range" of unskilled work at a "light level of exertion." Relying on evidence from a vocational expert at the hearing, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a janitor. Thus Plaintiff was not disabled

under the Act.

## II. STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision when: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g) (2003); *see also Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Fourth Circuit has further defined substantial evidence as being more than a scintilla but less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The regulations charge the Commissioner of Social Security with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404, 1545 (2006); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then this Court must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642; *Craig*, 76 F.3d at 589 ("The issue before us, therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."). The Court must affirm a decision supported by substantial evidence in the record

3

even if the Court would reach a different conclusion based on its review of the facts. *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

### III. DISCUSSION

Judge Crigler recommends that I reverse the Commissioner's final decision, grant summary judgment for the Plaintiff and remand the case to the Commissioner for further proceedings. Judge Crigler concluded that the ALJ inappropriately credited the evidence of the State agency record reviewer over that of Plaintiff's consulting examiner, Dr. Williams, in regard to the severity and effects of Plaintiff's mental impairments. Specifically, Judge Crigler objected to the ALJ relying on his own reading of *The Merck Manual* as a reason for disputing the testimony of Dr. Williams. The testimony of the State agency record reviewer, moreover, could not have been based on the psychological assessment performed by Dr. Williams, since Williams examined Ms. Hale *after* the State reviewer made his report. Therefore, Judge Crigler believes I should remand this case to the Commissioner for more findings of fact as to whether Ms. Hale is impaired enough that she has residual capacity for work given her cognitive disabilities.

I disagree with Judge Crigler. There was substantial evidence in the record on which the ALJ could base his conclusion that Ms. Hale did not suffer severe impairment from her depression and anxiety. There was also ample evidence to sustain his findings that Ms. Hale could work as a janitor, her relevant past employment.

The report by Dr. Leizer concluded that Plaintiff did not experience severe limitations due to depression or anxiety disorders, but instead that any limitations on her activities were due to arthritic pain. (R. at 157, 169.) Because this report was more credible than Dr. Williams's report, the ALJ was entitled to rely on it as substantial evidence for his decision. Dr. Williams

4

made an examination of Ms. Hale at the request of her attorney, after the hearing had taken place, and based entirely on a personal interview with Ms. Hale. It appears from the record that Dr. Williams based her conclusions upon Ms. Hale's interview responses to questioning about her impairments, and not on a thorough examination of her. All of these factors make Dr. Williams's report less credible. In any case, the ALJ was entitled to discredit that opinion and rely instead on Dr. Leizer's report.

Because there was substantial evidence in the record on which to base his decision, the ALJ must be upheld in his findings of fact. There was also no error in applying the relevant law. I must reject Judge Crigler's recommendation and enter summary judgment for the Defendant.

## IV. CONCLUSION

For the reasons stated herein, I will **REJECT** the Magistrate Judge's *Report and Recommendation* and **SUSTAIN** Defendant's *Objections*. I **GRANT** Defendant's *Motion for Summary Judgment* and this case is hereby **DISMISSED** from the active docket of this Court**.** The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and to **DISMISS** this case.

Entered this 12th day of October, 2007.

s/Jackson L. Kiser
Senior United States Magistrate Judge

5